IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PROPANE CONTINENTAL,

    Plaintiff,

    vs.                                                                                              No. CIV 97-1326 JC/LFG

THOMAS L. CADENHEAD and
SANTA FE PROPANE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant Santa Fe Propane's Motion for Summary Judgment and Sanctions, filed December 1, 1997 (Docket No. 5). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities and finds that the motion is not well taken and will be denied.

### Background

This case arose from a dispute over the Noncompetition, Nonsolicitation and Nondisclosure Agreement ("Noncompetition Agreement") executed between Plaintiff Propane Continental ("Continental") and Co-Defendant, Thomas L. Cadenhead ("Cadenhead"). Continental purchased the assets of Adobe Propane from Cadenhead. In the Noncompetition Agreement, Cadenhead agreed he would not, for a period of sixty months after January 1, 1995,

> directly or indirectly by himself or in conjunction with any other person, firm, corporation, business enterprise or organization, sell or solicit the sale of liquid propane gas, or other items sold by [Continental], to customers of [Continental] . . . within a 50 mile radius of Santa Fe, New Mexico (the 'Territories'), [Cadenhead] will not in any way be in direct or indirect competition with [Continental's] retail sale of liquid propane gas and related products, . . . or own or have any material interest

> directly or indirectly in, or act as an agent, representative or consultant or assist in any way, any person, corporation, partnership or business entity which is directly or indirectly in competition with [Continental's] sale of liquid propane gas and related products in the Territories.

Plaintiff contends Cadenhead, subsequent to selling Adobe Propane to Continental, was instrumental in the creation and/or establishment of Santa Fe Propane in direct violation of the Noncompetition Agreement. As a result, Continental requests injunctive relief for breach of contract and prima facie tort. Continental also claims Santa Fe Propane conspired with and/or was actively involved with Cadenhead in the creation of Santa Fe Propane and in the interference with Adobe Propane's existing and prospective contractual relations.

Defendants move for summary judgment and Rule 11 sanctions, arguing that Plaintiff has no basis for joining Santa Fe Propane as a party in this case, nor any factual basis for asserting Santa Fe Propane is obligated or liable under any breach of the Noncompetition Agreement between Continental and Cadenhead.

**Analysis**

A.  Standard for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In reviewing a summary judgment motion, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 at 249-250 (citations omitted).

Santa Fe Propane offers the affidavits of Simon R. Navickas, President and Director of the company, and Co-Defendant Cadenhead, in support of its motion. Both affidavits attest that Cadenhead did not participate in the creation of Santa Fe Propane and never has participated, in any manner, in the company's operation. Plaintiff points out that Defendant admits in its Memorandum in Support of the Motion that "Defendant Cadenhead is a resident of Texas, who formerly owned Santa Fe Propane, Inc." Santa Fe Propane was incorporated in the fall of 1996, *after* Cadenhead signed the Noncompetition Agreement. If Cadenhead "formerly owned" Santa Fe Propane, a reasonable juror could conclude he violated the Noncompetition Agreement. Santa Fe Propane does not address this contradiction in its reply.

Additionally , in response to the motion, Plaintiff offers the affidavit of Stephen Heffron in support of its claim Cadenhead participated in Santa Fe Propane's start up. Contrary to Santa Fe

Propane's assertion, Heffron provides personal knowledge that he received a fax sheet from Navickas outlining propane supply and credit information. Navickas told him Cadenhead could not be identified with the project, yet Heffron placed Cadenhead's number on the fax sheet in the event he needed to contact him. Heffron also knew the handwriting on the fax sheet was not that of Navickas. The affidavit of Judith Housely connects the fax sheet to Cadenhead through handwriting analysis. Finally, the affidavit of Kent Misemer, Chief Executive of Continental, provides information that Cadenhead informed Misemer that firing Pete Ortega from Adobe Propane was the biggest mistake he ever made, and he would regret it. Less than two months after Continental let Ortega go, Santa Fe Propane was formed with Pete Ortega as general manager.

Taken together, this evidence is sufficient to defeat summary judgment. A genuine issue of material fact exists as to whether Santa Fe Propane and Cadenhead acted together in the creation of Santa Fe Propane and in the interference with Adobe Propane's existing and prospective contractual relations.

B.  Rule 11 Sanctions

The Court must next consider Santa Fe Propane's argument that the Court should impose sanctions against Plaintiff under Federal Rule of Civil Procedure 11 because Plaintiff's claims against Santa Fe Propane are frivolous. "The fact that Cadenhead did not create, control, direct or supervise Santa Fe Propane or its agents or employees demonstrates that this claim is not based on fact. Had the Plaintiff or its attorney inquired, they would have learned that there is no support for this claim." (Santa Fe Propane's Memo. in Supp. of M. at 6). Rule 11 states in relevant part that

> [b]y presenting to the court . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable under the circumstances* . . .the allegations and other factual contentions

>   have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(c) (emphasis added).

To warrant sanctions under Rule 11 for filing with inadequate investigation, the amount of inquiry must have been unreasonable. See Fed. R. Civ. P. 11; Mars Steel Corp. v. Continental Bank, N.A., 880 F.2d 928, 932 (7th Cir. 1989) (noting that amount of investigation which is "reasonable" depends on the circumstances of each case). As the previous discussion indicates, Plaintiff's inclusion of Santa Fe Propane as Defendant is not frivolous and survives summary judgment. Therefore, the evidence supports a finding that Continental conducted reasonable inquiry before filing this suit against Santa Fe Propane, and Rule 11 sanctions are not warranted.

Wherefore,

IT IS ORDERED that Defendant Santa Fe Propane's Motion for Summary Judgment and for Sanctions be, and hereby is, **denied**.

DATED this 8th day of April, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:      Thomas M. Domme
                            Miller, Stratvert & Torgerson, P. A.
                            Albuquerque, New Mexico

Counsel for Defendants:     Owen C. Rouse, III
                            Rubin, Katz, Salazar, Alley & Rouse
                            Santa Fe, New Mexico